FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS R., | No. 4:25-CV-05173-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 11 & 12** |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response.  ECF Nos. 11 & 12.  Attorney Chad L. Hatfield represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) in September 2019, alleging a disability onset date of December 1, 2017.  Tr. 273. The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Lori L. Freund held hearings on November 3, 2021, Tr. 686-723, May 9, 2022, Tr. 39-55, and September 9, 2022, Tr. 56-87.  ALJ Freund issued an

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

unfavorable decision on September 29, 2022.  Tr. 23-33.  However, on June 17, 2024, the undersigned granted Plaintiff's Motion for Summary Judgment and ordered a remand for the ALJ to reevaluate the opinion of Dr. Van Arsdell, reassess the testimony of Plaintiff and a lay witness, reevaluate Plaintiff's claims at step three, redetermine the RFC, as needed, and proceed to the remaining steps as appropriate.  Tr. 833-842.  The Appeals Council remanded the case to the ALJ on September 9, 2024, Tr. 844-848.

A new administrative hearing was held before ALJ Freund on March 12, 2025.  Tr. 753-785.  At this March 2025 hearing, the alleged onset date was amended to October 11, 2020.  Tr. 758.  On October 2, 2025, a new ALJ assigned to the case, Jesse Shumway, held a supplemental hearing.  Tr. 786-806.  On October 9, 2025, ALJ Shumway denied Plaintiff's claim.  Tr. 727-744.  Plaintiff filed this action for judicial review on December 9, 2025.  ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595,

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can perform other substantial gainful activity; and (2) a significant number of jobs exist in the national economy which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On October 9, 2025, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 727-744.

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from his amended alleged onset date, October 11, 2020, through his date last insured, September 30, 2021. Tr. 730.

ORDER GRANTING DEFENDANT'S MOTION . . . - 3

At step two, the ALJ determined Plaintiff, through his date last insured, September 30, 2021, had the following severe impairments:  Eagle syndrome with elongated styloid process, obesity, depressive disorder, adjustment disorder, and anxiety disorder.  Tr. 730.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 731-733.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of light work with the following limitations:  he was limited to occasional overhead reaching and occasional rotation of the neck more than 45 degrees from neutral; he could occasionally perform all postural activities; he could have only occasional exposure to extreme temperatures and vibration; he could have no exposure to hazards, such as unprotected heights and moving mechanical parts; he could not work in an environment in which alcohol or pharmaceuticals are served or sold; he could perform simple and detailed tasks, but not complex tasks; he was limited to occasional interaction with the public, coworkers, and supervisors, with no collaborative tasks; he required a predictable work environment with no more than occasional changes; and he could not perform work that requires a specific production rate pace, such as an assembly line or hourly quotas.  Tr. 733.

At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 742.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff, through the date last insured, could perform jobs that exist in significant numbers in the national economy, including the jobs of laboratory sample carrier, order caller, and coin machine collector.  Tr. 742-743.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the amended alleged onset

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

date, October 11, 2020, through the date last insured, September 30, 2021.  Tr. 743-744.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff argues the ALJ reversibly erred by (1) rejecting the opinions of Drs. Van Arsdell and Hipolito; (2) failing to conduct an adequate step three evaluation; (3) rejecting the testimony of Plaintiff and his wife; and (4) failing to meet his step five burden.  ECF No. 11 at 3, 6.

**DISCUSSION**

**A.    Medical Opinion Evidence**

Plaintiff first contends the ALJ erred by failing to properly evaluate the medical opinion evidence of record.  ECF No. 11 at 8-16.  Plaintiff specifically asserts the ALJ erred by rejecting the opinions of examining psychologist Lora Van Arsdell, Psy.D., and treating physician Mary Grace Hipolito, M.D.  *Id.*

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit has addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The *Woods* Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-789, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the 2017 regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

1. *Dr. Van Arsdell*

Psychological examiner Lora Van Arsdell, Psy.D., examined Plaintiff on June 13, 2020. Tr. 419-423. Dr. Van Arsdell reviewed only two records in

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

preparation (a January 2020 clinical encounter summary and Plaintiff's March 2020 self-reported function report) and noted Plaintiff had not been in therapy since at least 2010 and reported he had never been in unmandated treatment.  Tr. 419-420.  It was noted that Plaintiff presented as "hostile and belligerent" for much of the session.  Tr. 421.  With respect to Plaintiff's functional information, Dr. Van Arsdell indicated only that which Plaintiff reported during the evaluation.  *See* Tr. 422-423.  Dr. Van Arsdell opined as follows:

> Claimant appears to have adequate ability to reason and understand. His remote and recent memories are generally intact. Immediate memory is moderately impaired. Sustained concentration and persistence are moderately impaired. Social functioning is **markedly** impaired. Adaptive skills and ability to tolerate stress are **markedly** impaired. Claimant is currently presenting with symptoms of mood dysregulation and anxiety complicated by not having therapy, and not having been in therapy for at least the past 10 years despite reported lifelong difficulties with mental health symptoms. This would likely impact his ability to be a dependable employee or to tolerate changes in the work environment.

Tr. 423 (emphasis added).

The Court notes at the outset, as stated by the ALJ, Dr. Van Arsdell's evaluation occurred four months before the relevant period at issue.  Tr. 739 (Dr. Van Arsdell examined Plaintiff on June 13, 2020, and Plaintiff's amended alleged onset date is October 11, 2020).  Consequently, Dr. Van Arsdell's report does not address Plaintiff's functioning during the relevant time period.  *See Carmickle v. Comm. Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (medical opinions that predate the alleged onset of disability are of limited relevance).  The ALJ also noted that Dr. Van Arsdell's assessed limitations appeared to be based on Plaintiff's self-reports, Tr. 739, which, as discussed in Section C below, the ALJ appropriately found to be not fully credible.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (a physician's opinion may be disregarded when it is premised on the properly rejected subjective complaints of Plaintiff).  In any event,

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

the ALJ extensively evaluated this evidence, considered its persuasive value, and found it was "partially persuasive." Tr. 739-740.

The undersigned finds, as determined by the ALJ, Dr. Van Arsdell's assessed marked limitations in social functioning and adaptive skills and ability to tolerate stress were not consistent with the totality of the record. Tr. 739-740. As specified by the ALJ, every psychologist who conducted a longitudinal review of the record (all state agency medical consultants and medical experts) concluded there were no more than moderate limitations in any functional area. Tr. 740. The ALJ noted, in particular, that medical expert Michael Lace, Psy.D., Tr. 772-775, reviewed the entirety of the relevant record and testified Dr. Van Arsdell's opinion was not consistent with the overall evidence. Tr. 740. The ALJ also specifically indicated Plaintiff's "hostile and belligerent" behavior during the consultative examination with Dr. Van Arsdell was an outlier and not indicative of his usual presentation throughout the treatment notes, which reflect normal mood and behavior and indicate he was cooperative and articulate. Tr. 739 citing Tr. 403 (normal mood and affect), 417 (normal mood and affect), 554 (normal mood and affect and active and alert), 590 (mood and behavior normal), 600 (normal mood, behavior, thought content and judgment), 615 (mood and behavior normal), 671 (normal mood and affect and active and alert), 1243 (normal mood).

The Court finds the ALJ also appropriately determined that Dr. Van Arsdell's assessed marked functional limitations were not supported. Tr. 739-740. Dr. Van Arsdell's report does not identify specific objective or observational evidence demonstrating support for her conclusion that Plaintiff was markedly impaired. Moreover, although recognizing there is no requirement for a consulting examiner to conduct a record review, the ALJ noted that the extent to which such an examiner reviews, analyzes, and cites to the longitudinal record impacts the supportability of their opinions. Tr. 740. Because Dr. Van Arsdell did not conduct ///

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

a meaningful review of the record,[1] the ALJ found it undermined the supportability of her opinions.  Tr. 740.  The undersigned agrees.

Based on the foregoing, the Court finds the ALJ reasonably found Dr. Van Arsdell's opinions lacked persuasive value because the assessed marked limitations were inconsistent with and unsupported by her examination and other evidence of record.  The ALJ's determination in this regard is supported by substantial evidence.

### 2.  Dr. Hipolito

Plaintiff argues the ALJ also erred by rejecting two medical reports completed by Mary Grace Hipolito, M.D.:  a March 10, 2025 Mental Residual Functional Capacity Assessment form, Tr. 1238-1241,[2] and a September 24, 2025 "medical report," Tr. 1267-1269.[3]  ECF No. 11 at 13-16.

---

[1]The ALJ mentioned that one of the two documents Dr. Van Arsdell reviewed, Plaintiff's March 2020 function report, Tr. 317-324, indicated Plaintiff could complete tasks that Plaintiff informed Dr. Van Arsdell he was unable to perform, further calling into question Dr. Van Arsdell's opinions.  Tr. 740.

[2]On March 10, 2025, Dr. Hipolito checked boxes on a form report indicating Plaintiff would be off task and unproductive over 30% of the time during a 40-hour per week schedule and would miss 4 or more days per month of full-time work. Tr. 1241.

[3]On September 24, 2025, Dr. Hipolito indicated on a form "medical report" that Plaintiff, with limitations that had existed since at least September 30, 2021, must lie down during the day to calm himself; would miss 4 or more days of full-time work per month due to exacerbation of anxiety and neck pain; was limited to sedentary work with occasional use of his upper extremities for manipulative activities; and would be off task and unproductive over 30% of the time during a 40-hour workweek.  Tr. 1267-1269.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

The ALJ noted at the outset, like the report of Dr. Van Arsdell, Dr. Hipolito's 2025 records are from outside the relevant time period.  Tr. 740-741 (the date last insured is September 30, 2021).  *See Carmickle*, 533 F.3d at 1165.  In fact, Dr. Hipolito's first documented visit with Plaintiff was in February 2023, more than a year after the date last insured, Tr. 1210, 1267, and, although Dr. Hipolito checked a box indicating "[t]he limitations specified in this report have existed since at least 09/30/2021," Dr. Hipolito provided no explanation on the form for that conclusion, Tr. 1269.  The ALJ nevertheless addressed Dr. Hipolito's reports, according the March 10, 2025 opinion minimal persuasive value and finding the September 24, 2025 record "not persuasive."  Tr. 740-741.

The ALJ appropriately found the reports were internally inconsistent and inconsistent with the overall record.  Tr. 741.  For example, regarding the March 2025 record, Dr. Hipolito, without explanation, found extreme limitations in interactive functioning overall, Tr. 1240, but only moderate limitations in all specific areas of social interactive functioning, Tr. 1239.  Tr. 741.  Moreover, with respect to the September 2025 record, Dr. Hipolito's restriction to sedentary exertion level work with limitations in handling and fingering was inconsistent with the largely unremarkable physical examinations and imaging of record.  Tr. 741.

The ALJ additionally noted the check-box forms provided no supportive reference to specific record evidence and merely restated symptoms alleged by Plaintiff.[4]  Tr. 741.  The undersigned agrees.  Dr. Hipolito's 2025 reports lack support.

_____

[4]Although the Ninth Circuit stated in a footnote that there is no authority that a "check-the-box" form is any less reliable than any other medical form, *Trevizo v. Berryhill*, 871 F.3d 664, 677 n. 4 (9th Cir. 2017), the Ninth Circuit has consistently held that individual medical opinions are preferred over check-box reports, *Crane*

ORDER GRANTING DEFENDANT'S MOTION . . . - 10

The Court finds the ALJ reasonably determined Dr. Hipolito's 2025 reports lacked persuasive value because they were unsupported and inconsistent. The ALJ's assessment of Dr. Hipolito's 2025 reports is supported by substantial evidence.

The ALJ found Plaintiff could perform light work, with additional limitations, and limited Plaintiff to simple and detailed tasks (but not complex tasks), with only occasional interaction with the public, coworkers, and supervisors with no collaborative tasks, in a predictable work environment with no more than occasional changes, and no work requiring a specific production rate pace. Tr. 733. The functional limitations imposed by the ALJ are supported by substantial evidence and free of legal error.

Based on the foregoing, the Court finds Plaintiff has failed to demonstrate that the ALJ improperly evaluated the medical opinion evidence of record. Plaintiff is not entitled to a remand on this issue.

**B.      Step Three**

Plaintiff next argues the ALJ erred at step three by failing to conduct an adequate analysis and not finding Plaintiff disabled as meeting or equaling Listings 12.04 and 12.06. ECF No. 11 at 16-17. Plaintiff specifically contends the ALJ erred by failing to assess no more than moderate limitations in any of the "paragraph B" criteria. ECF No. 11 at 16.

///

///

_____

*v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (holding "the regulations give more weight to opinions that are explained than to those that are not"). An ALJ's rejection of a check-box report that does not contain an explanation of the bases for the conclusions made is permissible, *Crane*, 76 F.3d at 253.

ORDER GRANTING DEFENDANT'S MOTION . . . - 11

At step three, the ALJ considers whether one or more of a claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the Social Security regulations. *See* 20 C.F.R. § 416.920(a)(4)(iii). Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established for a claimant's impairment to meet the listing. *Tackett*, 180 F.3d at 1099. If a claimant meets or equals a listing, the claimant is considered disabled with no need for further inquiry. *See* 20 C.F.R. § 416.920(d). As a result of that presumption of disability, "[l]isted impairments are set at a high level of severity." *Hubbell v. Kijakazi*, 2023 WL 6620305 at *1 (9th Cir. 2023). It is Plaintiff's responsibility to prove he is disabled at step three by establishing he has an impairment that meets or equals a listing impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Tackett*, 180 F.3d at 1098-1099.

Here, the ALJ addressed the relevant paragraph "B" criteria with respect to Listings 12.04 and 12.06 and determined that Plaintiff's impairments did not satisfy the paragraph "B" criteria because Plaintiff's mental impairments "did not cause at least two 'marked' limitations or one 'extreme' limitation." Tr. 732-733. Plaintiff merely asks for a different interpretation of the evidence. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[I]f evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld."). Specifically, Plaintiff argues the ALJ failed to adopt the marked limitations assessed by Dr. Van Arsdell, ECF No. 11 at 16-17. However, as discussed in Section A above, Dr. Van Arsdell's assessed marked limitations were appropriately rejected by the ALJ. *See supra*.

The Court finds the ALJ reasonably found Plaintiff was no more than moderately limited in all areas of the "paragraph B" criteria. Tr. 732. Therefore, the ALJ's step three analysis is supported by substantial evidence and free of legal error.

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 12

**C.     Plaintiff's Symptom Claims**

Plaintiff contends the ALJ erred by improperly rejecting Plaintiff's subjective complaints.  ECF No. 11 at 17-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews,* 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]").  Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.  *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record.  Tr. 734.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 13

*1.  Objective Medical Evidence*

The ALJ first found that the objective medical evidence of record did not support the degree of limitation alleged by Plaintiff.  Tr. 734-735.

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-347 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch,* 400 F.3d at 680.  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

Here, with respect to Plaintiff's physical complaints, the ALJ noted Plaintiff had primarily complained about neck pain beginning after a motor vehicle accident in 2017, yet imaging (including cervical x-rays in April 2021 (Tr. 431) and March 2022 (Tr. 627)) did not show significant impairment and physical examinations were largely unremarkable.[5]  Tr. 734-735.  As to Plaintiff's mental health, the ALJ noted examinations throughout the record showed generally normal findings, with normal speech and behavior, intact memory and concentration, and good insight and judgment.  *See* Tr. 403, 405, 407, 411, 413, 416, 417, 554, 590, 595, 598, 608, 634, 639, 644, 671, 1243, 1258, 1274.  The ALJ indicated that his residual functional capacity determination (limiting interaction, workplace changes, and work complexity) addressed any abnormalities in the record.  Tr. 735.

---

[5]In general, Plaintiff presented in no acute distress, with a normal gait and station, full strength of the upper and lower extremities, normal reflexes, normal cranial nerves and sensation, and no edema.  *See* Tr. 405, 407, 409, 417, 554, 590, 594, 602, 615, 621, 676, 680 (endorsed nearly complete relief of neck pain).

ORDER GRANTING DEFENDANT'S MOTION . . . - 14

The Court finds the objective medical evidence of record demonstrates Plaintiff has impairments and restrictions, but it does not support the degree of limitation alleged by Plaintiff in this case, and, therefore, this was a valid, clear and convincing reason to find Plaintiff's subjective complaints not fully credible.

*2. Inconsistencies*

The ALJ also discounted Plaintiff's symptom claims based on inconsistent past reports and allegations.  Tr. 735.

An ALJ may consider inconsistencies in a claimant's testimony or inconsistencies between a claimant's testimony and conduct when assessing subjective complaints.  *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002) (inconsistencies in a claimant's testimony may be used to discredit subjective complaints); *Fair*, 885 F.2d at 604 n.5 (an ALJ can reject pain testimony based on contradictions in a plaintiff's testimony).

As noted by the ALJ, Plaintiff's allegations of severe and disabling anxiety were inconsistent with his reports to providers that his anxiety was well controlled by medication.  Tr. 400 (lorazepam reasonably controlled his symptoms), 405 (doing reasonably well with a combination of sertraline and lorazepam), 407, 420, 427 (lorazepam seemed to control his anxiety), 431 (medication controlled his anxiety), 435, 554, 616, 675, 684.  The ALJ also noted Plaintiff's report to Dr. Van Arsdell that he was unable to drive, go to the store, cook, shop, clean, complete personal care tasks, or complete tasks around the home, Tr. 422, was inconsistent with Plaintiff's March 2020 function report, Tr. 317-324, and, in some respects, his August 2020 function report, Tr.  338-339.  Tr. 735.

The ALJ's reference to these inconsistencies is supported by substantial evidence, and this was an additional clear and convincing reason to discount Plaintiff's symptom claims.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 15

### 3. Minimal Treatment

The ALJ additionally did not fully accept Plaintiff's subjective complaints because Plaintiff "engaged in a course of treatment that is dramatically discrepant from his allegations of disabling limitations." Tr. 735.

In assessing a claimant's credibility, an ALJ properly relies upon "'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273 at 1284 (9th Cir. 1996)); *Fair*, 885 F.2d at 603. "[I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record." SSR 16-3p. Evidence of "conservative treatment" is also sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment suggests a lower level of both pain and functional limitation).

The ALJ specifically recognized that the Ninth Circuit frowns upon the practice of chastising one with a mental impairment for the exercise of poor judgment in failing to seek treatment. Tr. 736; *see Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Nevertheless, the ALJ mentioned Plaintiff engaged in minimal mental health treatment during the relevant period and thereafter, with only sporadic mental health counseling and no sustained or regular counseling, and indicated Plaintiff's impairments are not of the kind that would impair his ability to recognize the need for treatment. Tr. 736. The ALJ appropriately found that Plaintiff recognized the need for mental health treatment, but his symptoms did not trouble him enough to motivate him to seek that treatment. Tr. 736 citing Tr. 422

ORDER GRANTING DEFENDANT'S MOTION . . . - 16

(Dr. Van Arsdell opined Plaintiff had "some understanding of his own mental health symptoms . . . [but] appears unmotivated to engage in behaviors to help address his mental health concerns.").

The ALJ also noted Plaintiff's minimal treatment for his physical health concerns. Tr. 736-737. Although Plaintiff reported that his physical issues stem from a motor vehicle accident in December 2017, there are minimal treatment records regarding the injury from 2017 until 2020, when Plaintiff engaged in only conservative treatment at that time (pain management and physical therapy). Tr. 736. As determined by the ALJ, Plaintiff has not pursued more aggressive forms of treatment, including surgical intervention, which demonstrates that Plaintiff did not consider his symptoms serious enough to proceed with definitive treatment. Tr. 736-737.

The undersigned finds that the ALJ did not err by relying, in part, upon Plaintiff's minimal mental health treatment and conservative physical health treatment to conclude Plaintiff lacked credibility. This was additional clear and convincing rationale, supported by substantial evidence, to discount Plaintiff's symptom claims.

*4. Work History*

The ALJ also indicated that Plaintiff's work history is in tension with his allegations. Tr. 737.

The Ninth Circuit has held that "poor work history" or a showing of "little propensity to work" during one's lifetime may be considered as a factor which negatively affects a claimant's credibility. *Thomas*, 278 F.3d at 959.

As noted by the ALJ, Plaintiff had only four years of substantial gainful employment in his adult life and a cessation of all work several years prior to his amended alleged onset date. Tr. 737.

The ALJ properly discounted Plaintiff's credibility on the basis that he had a weak work history extending many years before his alleged onset date, suggesting

ORDER GRANTING DEFENDANT'S MOTION . . . - 17

his lack of employment during the relevant time period was not caused by any medical impairments.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case. Plaintiff is not entitled to a remand on this issue.

A separate issue raised by Plaintiff, an assertion that the ALJ erred by failing to credit Plaintiff's testimony regarding a need to lie down and use ice and/or heat to alleviate neck pain throughout the day, ECF No. 11 at 20 citing Tr. 720, is resolved as a result of the undersigned finding that the ALJ appropriately determined Plaintiff's subjective complaints were not entirely credible.

**D.    Lay Witness Statements**

Plaintiff next asserts the ALJ erred by improperly rejecting the lay witness statements of Plaintiff's spouse. ECF No. 11 at 20.

The ALJ shall "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague*, 812 F.2d at 1232, citing 20 C.F.R. § 404.1513(e)(2). "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." *Id*. The ALJ may not ignore or improperly reject the probative testimony of a lay witness without giving reasons that are germane to each witness. *Dodrill*, 12 F.3d at 919.

ORDER GRANTING DEFENDANT'S MOTION . . . - 18

The ALJ considered the statements of Plaintiff's spouse, found her observations mirrored Plaintiff's subjective complaints, and assigned little weight to the statements for the same reasons as he determined that Plaintiff's statements were not fully credible. Tr. 737; *see Molina v. Astrue,* 674 F.3d 1104, 1122 (9th Cir. 2012); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (indicating that third-party testimony can be rejected for the same reasons provided for rejecting the claimant's testimony). Since Plaintiff's spouse's statements essentially reproduce Plaintiff's own subjective complaints, which the ALJ properly discounted with clear and convincing reasons supported by substantial evidence, *see supra*, the ALJ did not err in his consideration of the statements of Plaintiff's spouse.

**E. Step Five**

Plaintiff lastly argues the ALJ erred at step five of the sequential evaluation process. ECF No. 11 at 21-22.

Plaintiff first argues, citing *Leitz v. Kijakazi*, 2023 WL 4342114 at *2 (9th Cir. July 5, 2023),[6] that the ALJ's limitation of Plaintiff to occasional interaction with supervisors bars all job training and, consequently, precludes all competitive employment. ECF No. 11 at 21. The undersigned does not agree with the proposition that a limitation to occasional interaction with supervisors is *per se*

---

[6]In *Leitz*, the ALJ held that the claimant "can have brief, superficial interaction with co-workers and the public; and can have occasional interaction with supervisors (although additional time for training is acceptable)." *Leitz*, 2023 WL 4342114 at *2. The Ninth Circuit determined that the "training-period caveat" was not supported by the record, and that there was no evidence that the claimant's mental problems were "somehow alleviated during training periods because they are less likely to include supervisor interactions than other work periods, or that employers would be willing to tolerate her limitations during training periods." *Id*.

ORDER GRANTING DEFENDANT'S MOTION . . . - 19

disabling.  See *Justin P. v. O'Malley*, 2024 WL 1559545 at *7-8 (E.D. Wash. April 10, 2024) (the Court applied Leitz and determined that the ALJ did not err).

Plaintiff next asserts the vocational expert testimony relied upon by the ALJ was without evidentiary value because it was provided in response to an incomplete hypothetical that failed to account for all of Plaintiff's limitations.  ECF No. 11 at 21-22.

The hypothetical that ultimately serves as the basis for the ALJ's determination, *i.e.*, the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant. *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  The hypothetical need only include those limitations found credible and supported by substantial evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211,1217 (9th Cir. 2005) ("The hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record."); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (The ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.").  The ALJ is not bound to accept as true the restrictions presented in a hypothetical propounded by a claimant's counsel.  *Magallanes*, 881 F.2d at 756-757; *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).

While Plaintiff contends the ALJ erred by relying on the vocational expert's response to an incomplete hypothetical, ECF No. 11 at 21-22, Plaintiff's argument assumes that the ALJ erred in his analysis of the medical opinion and other evidence.  As discussed above, the ALJ properly evaluated the medical opinion evidence and properly discounted Plaintiff's symptom claims.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008) (A plaintiff fails to establish that a step five determination is flawed by simply restating an argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected.).  Here, the ALJ's RFC

ORDER GRANTING DEFENDANT'S MOTION . . . - 20

determination adequately addresses the medical opinions and other evidence in the record, and Plaintiff's alternative interpretation of the evidence does not undermine the ALJ's analysis.  The ALJ did not err in assessing Plaintiff's RFC or finding Plaintiff capable of performing work existing in the national economy based on that RFC determination.  Plaintiff is not entitled to a remand.

<b>CONCLUSION</b>

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.  Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendant's motion to affirm, **ECF No. 12**, is **GRANTED**.

2.      Plaintiff's motion to reverse, **ECF No. 11**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED August 11, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 21